IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 1:88-cr-01007-MP-AK

RUFUS C. ROCHELL,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1093, "Complaints in Actions Grounded on Federal Question of a Special Federal Statute." The Clerk was directed to file this pleading as a motion to vacate under 28 U.S.C. § 2255.

It is clear that Defendant, who was previously denied § 2255 relief, *see* Docs. 731 & 758, is fully cognizant of the restrictions on filing a second or successive motion to vacate, as he recently attempted, unsuccessfully, to file a second or successive § 2255 motion with the court of appeals on the *Booker* issue upon which the present action is predicated. *See* Doc. 1083. Although he indicates that this is "a civil action for declaratory and injunctive relief" and claims relief under other statutes and rules, what he seeks is clearly habeas in nature, i.e., a declaration that because the mandatory provisions of the sentencing guidelines are unconstitutional, then any sentence imposed under them is void. This is plainly the type of matter fit for determination by a motion to vacate. That avenue has clearly been foreclosed to Defendant by the Eleventh Circuit.

Even if this Court were to interpret this as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Defendant would not be entitled to relief.  Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  The question presented would then be whether the savings clause of § 2255, which permits a federal prisoner to seek § 2241 habeas corpus relief when a motion to vacate is "inadequate or ineffective to test the legality of...detention," affords Defendant any relief on this occasion.  In *Wofford v. Scott*, the Eleventh Circuit found that the savings clause of § 2255 applies to a claim only when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."  *Id*. at 1245.  The question of actual innocence is not triggered until a determination is made that a petitioner can proceed under § 2241.  *Id*. at 1244 n.3.

Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to

the Federal Sentencing Guidelines as well.  *United States v. Booker*, _____ U.S. _____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2204).  However, the Eleventh Circuit has determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). *Booker* itself does not address its retroactivity, and without an indication from the Supreme Court that its ruling is retroactively applicable to cases on collateral review so as to "open the portal to a § 2241 proceeding," *id*., the savings clause of § 2255 is not triggered to allow a § 2241 habeas corpus petition to proceed.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Complaints in Actions Grounded on Federal Question of a Special Federal Statute," Doc. 1093, whether interpreted as a motion to vacate pursuant to 28 U.S.C. § 2255 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **_26[th]_** day of May, 2006.


**s/ A. KORNBLUM_____**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**