IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 1:88cr1007/MMP/GRJ
 1:14cv8/MMP/GRJ

RUFUS C. ROCHELL
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 304.) Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court concludes it is without jurisdiction to entertain Defendant's motion and therefore the motion should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was sentenced in October of 2008 to a term of 420 months imprisonment. He appealed, and his conviction and sentence were affirmed in 1989. Defendant filed a motion to vacate in April of 1997 (Doc. 626), which he subsequently amended. (Doc. 634.) The motion was denied. (Docs. 731, 758.) In 2006, Defendant filed a document that was construed as a § 2255 motion and denied as successive. (*see* Docs. 1093, 1097, 1103.) The instant motion is due to be denied for the same reason.

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion and, therefore, the instant motion to vacate must be dismissed, as the court is without jurisdiction to consider it.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1541), should be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive § 2255 motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 22nd day of January, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**